248 So.2d 501 (1971)
Reubin O'D. ASKEW, As Governor of the State of Florida et al., Appellants,
v.
Donald D. BELL et al., Appellees.
No. O-67.
District Court of Appeal of Florida, First District.
May 25, 1971.
Robert L. Shevin, Atty. Gen., and W.E. Bishop, Jr., Asst. Atty. Gen., for appellants.
Hall, Hartwell, Michaels & Hall, Tallahassee, for appellees.
JOHNSON, Chief Judge.
The appellants appeal from a declaratory judgment and an order on rehearing determining that the purchase of transcripts prepared by court reporters, by any party employing the services of a court reporter, are not taxable under Chapter 212, Florida Statutes, F.S.A.
The appellants admit that the actual reporting service is exempt from taxation, as is the situation where a person originally contracts not only for a reporter to attend the proceeding, but also to transcribe notes for agreed charges to cover both the recording and a transcript. However, appellants contend that the situation is different where there is more than one transaction, as where a subsequent contract to make copies is made with the reporter by the original party employing the reporter; where another party contracts with the reporter to make copies; or where the original party is not bound to accept and pay charges for the transcript.
The trial court found that "the reporter throughout the entire process is engaged in rendering a service and that the furnishing of any commodity is a mere incident to that service." The preparation of a transcript "is a continuation and completion of the services begun with the recording." We agree.
In its original declaratory judgment, the trial court did not have before it and declined to rule on the situation where a reporter offers to the general public transcripts of a case of great public interest. Its ruling was that the reporter is not engaging in a taxable sale of tangible personal property when he or she
"(1) for a fee records any judicial proceeding or takes any deposition;
"(2) for a fee paid by the Court or any interested party, prepares and files a transcript of such proceeding;
"(3) for a fee paid by any party, delivers to any person, or the attorney for any person, a transcript of the whole or a part of such proceedings."
In its order on rehearing, the trial court clarified its earlier judgment by extending the exemption to transcripts prepared by a reporter reporting matters for an administrative agency. It further clarified its earlier judgment by ruling that the reference *502 to "any party" or "any interested party" means to any corporation, partnership or individual employing the services of a reporter.
With one exception, we are in complete agreement with the court below. That exception pertains to the definition given in the order on rehearing of "any party" or "any interested party". We are of the opinion that the sale of transcripts is tax exempt when the sale is made to any party to the proceeding for which the reporter was employed, rather than merely to the party employing the services of the reporter. The mere act of engagement of the court reporter should not be the determinative factor in deciding taxability. Stated differently, the sales of transcripts are taxable only when the sale is made to third persons who are not parties to the proceedings for which the reporter was engaged. To this extent, we affirm the judgments below as modified herein.
WIGGINTON and SPECTOR, JJ., concur.